Mr. Justice Clayton
delivered the opinion of the court.
This was an action of debt, founded upon an award not under seal. There was a special count, as well as several common counts, in the declaration. Exceptions were taken during the trial to the admission o-f evidence, and afterwards to the action of the court in overruling a motion for a new trial. There was a judgment for the plaintiff.
At the instance of the plaintiff in error, the defendant in the court below, the court excluded the argument of submission to arbitrators from the jury, but allowed the award to be read. No excepticm was taken to the exclusion of the agreement of reference, but the admission of the award was made the ground of exception.
An award without a submission, is not valid. And it must be in accordance with the terms of, the submission, and not extend to subjects or parties not submitted, and must be certain and mutual. Hand v. Columbus, 4 S. & M. 203; Gibson v. Powell, 5 S. & M. 712.
This award is not deficient in certainty or mutuality. But the articles of submission are excluded; and if the case stood *400 upon this alone, it would be impossible to sustain the judgment. But it was in proof by one of the arbitrators, that after the award was made and delivered to the plaintiff, he presented it to the defendant, who said that “ he would settle the matter, and pay the money and be done with the business.” This recognition of the authority of the arbitrators, and expressed determination to acquiesce in their decision, binds the defendant as fully as a previous submission would have done. It fully sustains the verdict, and may be regarded as evidence of a submission.
The objections to the award itself are not tenable. It is true that it directs that a particular debt should be paid to Thomas Williams by A. J. Williams, in the event it were not collected from another source. But this did not vitiate the award; if Thomas Williams failed to collect it, he might have claimed credit for the amount on the trial; or he might afterwards go against A. J. Williams for it, if the result of the effort to collect were not known at the time of trial.
The action was debt; all the counts are such as pertain to that action, although some of them are not strictly correct in point of form; the plea was nil debet. There is no room for the objection that there is no bill of particulars in the record, because the statute applies only to actions of assumpsit. H. & H. 590, sec. 6.
The objection, that the verdict is for more than the amount indorsed on the note, cannot prevail. The verdict corresponds with the amount claimed in the declaration. See Fall v. Comm'rs of Sinking Fund, 3 S. & M. 128; Ib. 90; 3 How. 263.
Judgment affirmed.